THOMAS W. SIMS ET AL. *v.* W. F. EILAND ET AL.

1. DECEIT. *False recommendation. Scienter.*
   An action for deceit in writing a false statement concerning another, whereby the latter obtained credit, cannot be maintained unless the defendant made the false statement knowingly. *Sims* v. *Eiland, ante,* 83, affirmed.

2. SAME. *Representation without knowledge.*
   A person who represents as a fact that of which he has no knowledge and no well-founded belief, and which is false, is chargeable with having made a false statement knowingly.

3. SAME. *Honest mistake. Good faith.*
   Persons who write in a letter, simply to introduce the bearer, statements whereby he obtains credit, are not liable in an action for deceit, if they write in good faith the facts as they on sufficient ground believe them to exist, although he subsequently proves untrustworthy.

Error to the Circuit Court of Noxubee County.

Hon. James M. Arnold, Judge.

James Kincannon, desiring to obtain advances of money from the plaintiffs in error, who did business in Mobile, Alabama, as commission merchants, under the firm name of Sims, Harrison & Co., to enable him to control shipments of cotton which he proposed to consign to them and share in the commissions, obtained from the defendants in error a letter signed by them, and directed to the plaintiffs in error, with which he introduced himself. The letter stated that it would be handed to the plaintiffs by the defendants' old friend, James Kincannon, who would visit Mobile on business which he would explain to them ; that he had been long and favorably known to the defendants, and it gave them pleasure to say that any statements which he made to the plaintiffs could be implicitly relied on, and that any favors which they showed him would be thankfully received both by him and the defendants. The plaintiffs, in reliance upon the letter, advanced to Kincannon, who was a stranger to them, a large amount of money. His statements and promises proved unreliable, and they lost the greater part of the advance. After prosecuting Kincannon to insolvency, they brought this action against the defendants for deceit. The pleadings having been settled at the last term of this court, *ante,* 83, a trial was had, and the plaintiffs proved the foregoing facts. The defendants, after evidence tending to show that Kincannon's reputation when the letter was written was as therein represented, were examined in their own behalf, and each testified, under the plaintiffs' objection, that he had known Kincannon a long time, and honestly believed the statements of the letter to be true when it was written, that Kincannon was a truthful and upright man, and the letter was designed to introduce him, and not to obtain credit for him. The court charged the jury for the plaintiffs that the intent of the letter was to be determined from its language, with the circumstances attending its transmission and delivery, and the business relations of the parties, and that the defendants were liable unless they had reasonable ground to believe its statements true, but refused to charge that the defendants were bound by

a reasonable construction of their letter, and if such construction induced the belief that it was intended to obtain credit for Kincannon, it was their duty to have communicated all the facts in their knowledge, and failure to do so was a fraud. For the defendants, the court instructed that the issue to be tried was not whether Kincannon complied with his agreement or whether he was solvent, but whether the statements in the defendants' letter were knowingly false, and made to procure credit for Kincannon ; that if, at the time the letter was written, they honestly believed that the representations were true, and they were not made with a view to obtain credit for Kincannon, the defendants were not liable.    There was a verdict and judgment for the defendants.

*Rives & Rives*, for the plaintiffs in error.

1. The court erred in its action on the evidence.    The writer is bound by the intent expressed in his letter, and cannot be heard to testify that he meant something else.    The representations must be construed as a reasonably prudent man in the situation of the recipient would interpret them. The testimony concerning Kincannon's reputation for truth was irrelevant.    His character in that respect had not been attacked.    Manifestly the defendants should not have been allowed to testify that they believed the statements of the letter to be true at the time it was written.    A man will always say that he did not intend to deceive.    The testimony should have been confined to their grounds of belief, for no one can honestly believe that which he has no reasonable ground to believe.    *Sims* v. *Eiland, ante,* 83.    The instructions contain similar errors.    It is only by a reasonable construction of the letter that the defendants' intent can be gathered, and if that induced the belief that it was to obtain credit for Kincannon, they were liable for not communicating all they knew about him.    *Allen* v. *Addington,* 7 Wend. 9.    On all the evidence, the verdict should have been for the plaintiffs.    Kincannon was insolvent when the letter was written, and if, by failure to make proper inquiry, his old friends, in their partiality for him, have induced these strangers to trust him, they should make good the loss.    *Clopton* v. *Cozart,* 13 S. & M. 363.    A wilful intention to deceive is not essential, but if the misrep-

resentation is made through carelessness, mistake or ignorance, the result is the same. Story on Contracts, § 506 and notes.

*John E. Madison,* on the same side.

*Jarnagin, Bogle & Jarnagin,* for the defendants in error.

It was proved that the defendants honestly believed that the representations were true. This was a sufficient answer to the declaration. *Sims* v. *Eiland, ante,* 83. The mere opinion expressed in the letter would not render them liable unless an intent to deceive is shown. *Clopton* v. *Cozart,* 13 S. & M. 363; *Taylor* v. *Frost,* 39 Miss. 328; *Pasley* v. *Freeman,* 2 Smith's Lead. Cas. 157. The onus does not rest on one who recommends another to prove the truth of his recommendation, but the law presumes him innocent until the contrary is shown. *Einstein* v. *Marshall,* 58 Ala. 153. There is no evidence tending to show that the statements of the letter were knowingly false, and actual fraud, or an intention to deceive, is disproved. The representations contained in the letter were honestly believed to be true in substance and fact, and were in fact true. In *Lord* v. *Goddard,* 13 How. 198, Catron, J., in delivering the opinion of the court, says: " The gist of the action is fraud in the defendants and damage to the plaintiffs. Fraud means an intention to deceive. If there was no such intention, if the party honestly stated his own opinion, believing at the time that he stated the truth, he is not liable in this form of action, although the representation turned out to be entirely untrue." The court further say: "Since the decision in *Haycroft* v. *Creasy,* 2 East, 92, made in 1801, the question has been settled to this effect in England. The Supreme Court of New York held the same doctrine in *Young* v. *Covell,* 8 Johns. 23. That court declared it to be well settled that this action could not be sustained without proving actual fraud in the defendant, or an intention to deceive the plaintiff by false representations. The simple fact of making representations which turn out not to be true, unconnected with fraudulent design, is not sufficient. This decision was made forty years ago, and stands uncontradicted, so far as we know, in the American courts." See Bigelow on Fraud, 56, 57; Bigelow Lead. Cas. on Torts, 1–42; Cooley on Torts, 497. The errors of the lower court, if any were committed in the

rulings upon the evidence and the instructions, are immaterial, for the jury, under all the evidence adduced, could not have found otherwise than they did. This court has repeatedly decided that a new trial will not be granted in any case for error in giving or refusing a charge where the verdict is in accordance with the evidence, and clearly right according to the law and the justice of the case. *Perry* v. *Clarke*, 5 How. 495; *Brantley* v. *Carter*, 26 Miss. 282; *Simpson* v. *Bowdon*, 23 Miss. 524; *Cameron* v. *Watson*, 40 Miss. 191.

CAMPBELL, J., delivered the opinion of the court.

When this case was before us at the last term of this court, we announced that, " to maintain the action, the defendants must have made a false statement knowing it to be false." We adhere to that view of the law as applicable to an action for *deceit*, but to preclude any erroneous deduction from our former opinion, we now add, that a person who represents as a fact that of which he has no knowledge, and no well-founded belief, and which is false, is justly chargeable with having made a false statement knowingly; for to assert as fact that of which the party asserting has no knowledge, or well-founded belief, is knowingly to make a false statement if it is false. One has no right to mislead another to his hurt, by representing as within his knowledge what he knows nothing of. In recklessly making such representation which is not true, he is knowingly making a false representation, and must suffer the just consequences of his recklessness in misleading another to his injury. What one represents as true to another, to influence his action, must be true, or he must believe it to be true from facts and circumstances sufficient to induce a reasonable man to entertain such belief. If the person misled by the representations of another, which are false, can satisfy a jury that the person who made them did so recklessly, having no just ground for the belief of their truth, and for the purpose of inducing the action of the plaintiff, which resulted in loss, he should recover the loss incurred by trusting to the misrepresentations. Good faith is to be protected, while bad faith is to be punished. Cooley on Torts, 500, 501; *Einstein* v. *Marshall*, 58 Ala. 153. In this case, the evidence so fully

vindicates the good faith of the defendants in the transaction involved that a verdict against them could not stand; and, therefore, without noticing the rulings upon evidence and the instructions complained of, we affirm the judgment, overruling the motion for a new trial.     *Judgment accordingly.*